SEYFARTH SHAW LLP
Alexandra V. Drury (SBN 291920)
adrury@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Frederick T. Smith *(to be admitted pro hac vice)*
fsmith@seyfarth.com
Esther Slater McDonald *(to be admitted pro hac vice)*
emcdonald@seyfarth.com
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
Telephone:    (404) 885-1500
Facsimile:    (404) 892-7056

Attorneys for Defendant
FIRST ADVANTAGE BACKGROUND
SERVICES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MILETAK,<br><br>             Plaintiff,<br><br>   v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>             Defendant. | **DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S NOTICE OF REMOVAL**<br><br>REMOVED FROM THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br><br>CASE NO. |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:

PLEASE TAKE NOTICE that Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. hereby removes the above-referenced action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice of Removal, First Advantage states the following:

## BACKGROUND

1. On December 3, 2018, Plaintiff filed his Complaint and Civil Case Cover Sheet in the Superior Court for the State of California, County of Santa Clara, titled *Nick Miletak v. First Advantage Background Services Corp.*, Case No. 18CV338732.  In his Complaint, Plaintiff alleges that First Advantage twice willfully violated the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1786 *et seq.*, by furnishing background reports to his prospective employers without timely sending him copies of the reports.  Plaintiff seeks actual damages or $20,000 in statutory damages, whichever is greater, as well as punitive damages and reasonable costs and attorneys' fees under Cal. Civ. Code § 1786.50.

2. A copy of all process, pleadings, and orders served upon First Advantage are attached as Exhibit A to the Declaration of Alexandra V. Drury ("Drury Declaration.").

## TIMELINESS OF REMOVAL

3. The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within thirty days of service of the Complaint upon First Advantage.  *See* 28 U.S.C. § 1446(b); Drury Dec. ¶ 4 (stating that the Complaint was served on December 4, 2018).

## DIVERSITY JURISDICTION

4. This action is removable under 28 U.S.C. § 1441 because it is a civil action over which the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). The requirements of 28 U.S.C. § 1332(a) have been met because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

5. Upon information and belief and according to the allegations in the Complaint, Plaintiff is a citizen of the State of California.  (Compl. ¶ 13.)

6. For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332 (c)(1)).  As Plaintiff implicitly acknowledges, First Advantage is not a California citizen.  (*Id.* ¶ 14.)  First Advantage is

incorporated in Florida and has its principal place of business in Atlanta, Georgia.  Attached as Exhibit B to the Drury Declaration is a copy of the California Department of State's "Entity Detail" report on First Advantage and the associated State of Information filed by First Advantage in the office of the Secretary of State of the State of California on May 28, 2017 and reaffirmed on May 3, 2018, listing First Advantage's state of incorporation and principal place of business.[1]

7. While First Advantage denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted).  As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition).  In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that claims for statutory attorneys' fees are included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

8. Plaintiff seeks the greater of his alleged actual damages or statutory damages of $20,000 ($10,000 for each of the two alleged violations); punitive damages; and attorneys' fees and costs. (Compl. ¶¶ 38-39 & Wherefore Clause.)  *See also* Cal. Civ. Code § 1786.50 (permitting recovery of actual damages or $10,000, whichever sum is greater, punitive damages, and attorneys' fees and costs).

9. Based on these allegations, Plaintiff's alleged actual damages, statutory damages, punitive damages, and attorneys' fees and costs for the four counts asserted in the Complaint are likely to exceed $75,000.

---

[1] The report, which is available at https://businesssearch.sos.ca.gov, includes corporate filings made by First Advantage in the State of California that confirm the information in the report.

10. Demands for punitive damages are appropriately considered when considering the amount in controversy. *See, e.g.*, *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (holding that a court may consider punitive damages in determining whether the amount in controversy meets the jurisdictional minimum) (citing *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963)). In cases involving background reports under the federal Fair Credit Reporting Act,[2] jury awards for punitive damages are typically many times over the statutory damages. *See, e.g.*, *Saunders v. BB&T Co. of Va.*, 526 F.3d 142, 154 (4th Cir. 2008) (affirming $1,000 statutory damages award and $80,000 punitive damages award for FCRA violations including misleading reporting); *Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2017 WL 3136149 (N.D. Cal. June 21, 2017) (judgment awarding punitive damages of more than six times the statutory damages amount); Judgment, ECF No. 80, *Naill v. Lincoln Mort., LLC*, No. 3:09-cv-00039-BWC (W.D. Va. Apr. 12, 2010) (judgment awarding $1,000 in statutory damages and $25,000 in punitive damages for a single violation for failure to provide notice) (attached as Exhibit C to the Drury Declaration).

11. Similarly, in consumer reporting cases without any economic loss, punitive damages awards commonly are several times more than the non-economic damages award. *See, e.g.*, *Miller v. Equifax Info. Servs., LLC.*, No. 3:11-CV-01231-BR, 2014 WL 2123560, at *1 (D. Or. May 20, 2014) (remitting punitive damages award to $1,620,000 where jury awarded $180,000 in non-economic damages for FCRA violations); *Brim v. Midland Credit Mgmt., Inc.*, 795 F. Supp. 2d 1255, 1262 (N.D. Ala. 2011) (affirming $100,000 non-economic damages award and $623,180 punitive damages award for FCRA violation).

12. Given past awards in consumer reporting cases awarding punitive damages of 6 to 80 times the statutory damages, it is more likely than not that Plaintiff can recover punitive damages of at least 3 times ($60,000) the statutory damages he seeks. Indeed, in light of the somewhat unpredictable nature of punitive damages awards, the Third Circuit has explained that "[i]f appropriately made, . . . a request for punitive damages will generally satisfy the amount in controversy requirement because it

---

[2] *See, e.g.*, *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) ("[T]he CCRAA 'is substantially based on the Federal Fair Credit Reporting Act.'") (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3 (2003)); *Cunha v. IntelliCheck, LLC*, 254 F. Supp. 3d 1124, 1137 (N.D. Cal. 2017) (referring to the FCRA as ICRAA's "federal counterpart").

cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (quotation marks omitted).

13. Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).

**VENUE**

14. Because this action originally was brought in the Superior Court of the State of California, County of Santa Clara, the action is properly removed to the Northern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

**INTRADISTRICT ASSIGNMENT**

15. Assignment to the San Jose divisions of this Court is proper under Local Rule 3-2 because Plaintiff filed her Complaint in the Superior Court of the State of California, County of Santa Clara.

**NOTICE OF REMOVAL**

16. Notice of this Notice of Removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California, County of Santa Clara.

**PRAYER**

WHEREFORE, First Advantage prays that this civil action be removed from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

| | | |
|---|---|---|
| 1 | DATED: January 3, 2019 | Respectfully submitted, |
| 2 | | SEYFARTH SHAW LLP |
| 4 | | By:  */s/ Alexandra V. Drury* |
| 5 | | Frederick T. Smith * <br> Esther Slater McDonald* <br> Alexandra V. Drury |
| 7 | | Attorneys for Defendant <br> FIRST ADVANTAGE BACKGROUND SERVICES CORP. |
| 8 | | *to be admitted *pro hac vice* |